UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>ADMINISTRATION FOR CHILDREN & FAMILIES, *et al.*,<br><br>Defendants. | Civil Action No. 26-2841 (SLS) |

**ANSWER**

Defendants, Administration for Children & Families ("ACF") and U.S. Department of Health and Human Services ("HHS"), by and through the undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint in this Freedom of Information Act (FOIA), 5 U.S.C. § 552, suit. *See* ECF No. 1.

Defendants respond to the separately numbered paragraphs (as numbered by Plaintiff) and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants respond to the Complaint in like numbered paragraphs as follows:

## COMPLAINT[1]

This paragraph consists of Plaintiff's characterization of this litigation, to which no response is required.

## JURISDICTION AND VENUE

1. Paragraph 1 consists of legal conclusions of law concerning jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that the Court has jurisdiction over this matter subject to the terms and limitations of the FOIA.

2. Paragraph 2 consists of legal conclusions of law concerning venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this District.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. Defendants admit that ACF is an agency of the United States Government and is headquartered in Washington, DC. Defendants admit that ACF is an operating division of HHS and contains the Office for Refugee Resettlement ("ORR"). The remainder of the allegations in Paragraph 4 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

---

[1] Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

5. Defendants admit that HHS is an agency of the United States Government and is headquartered in Washington, DC. The remainder of the allegations in Paragraph 4 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**DFF'S FOIA REQUESTS**

6. Defendants admit.

7. This paragraph consists of Plaintiffs characterization of their motivation behind their FOIA request, to which no response is required.

*Significant Incident Reports Request*

8. Defendants admit that it received a FOIA request from Plaintiff on July 6, 2026. The remainder of the allegations in Paragraph 8 consists of Plaintiff's characterization of its FOIA request. To the extent a response is deemed required, Defendants aver that Plaintiff's FOIA request is the best evidence of its contents and respectfully refer this Court to that request for a complete and accurate statement of its contents.

9. Defendants admit.

10. Defendants admit.

11. Defendants admit.

*Unaccompanied Children Deportation Request*

12. Defendants admit that it received a FOIA request from Plaintiff on July 6, 2026. The remainder of the allegations in Paragraph 12 consists of Plaintiff's characterization of its FOIA request. To the extent a response is deemed required, Defendants aver that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents.

13. Defendants admit.

14. Defendants admit.

15. Defendants admit.

*Unaccompanied Children San Benito Request*

16. Defendants admit that it received a FOIA request from Plaintiff on May 1, 2026. The remainder of the allegations in Paragraph 16 consists of Plaintiff's characterization of its FOIA request. To the extent a response is deemed required, Defendants aver that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents.

17. Defendants admit.

18. Defendants admit.

19. Defendants admit.

*ORR Zip Code Request 1*

20. Defendants admit that it received a FOIA request from Plaintiff on May 21, 2026. The remainder of the allegations in Paragraph 20 consists of Plaintiff's characterization of its FOIA request. To the extent a response is deemed required, Defendants aver that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents.

21. Defendants admit.

22. Defendants admit.

23. Defendants admit.

*ORR Zip Code Request 2*

24. Defendants admit that it received a FOIA request from Plaintiff on May 21, 2026. The remainder of the allegations in Paragraph 12 consists of Plaintiff's characterization of its FOIA request. To the extent a response is deemed required, Defendants aver that Plaintiff's FOIA request is the best evidence of its contents and respectfully refers this Court to that request for a complete and accurate statement of its contents.

25. Defendants admit.

26. Defendants admit.

*Exhaustion of Administrative Remedies*

27. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant admits that, as of the date of the Complaint, it had not sent any records or any determination on Plaintiff's FOIA request to Plaintiff.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

28. Defendant incorporates by reference its responses to all preceding paragraphs as if set forth fully herein.

29. This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies that it is in violation of FOIA.

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

### First Defense

Defendant's actions or inactions did not violate the FOIA or any other statute or regulation.

### Second Defense

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA, 5 U.S.C. § 552.

### Third Defense

Plaintiff is neither eligible for nor entitled to attorney's costs or fees in this action.

### Fourth Defense

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### Fifth Defense

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

### Sixth Defense

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

### Seventh Defense

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions, release of which records foreseeably would harm an interest the

exemption protects, or which records are protected from disclosure by one or more applicable FOIA exclusions or other applicable law.

Dated: October 16, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Michael E. Yohannan*
MICHAEL E. YOHANNAN
PA Bar # 307575
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Tel: (202) 809-2054
Michael.Yohannan@usdoj.gov

*Attorneys for the United States of America*